We reverse and remand for a new trial.

801 A.2d 456

DR. GERALD CRONIN, SOUTH JERSEY INJURY CENTER, ALLIED HEALTH REHAB ASSOCIATES, REHAB CAB, PLAINTIFFS–APPELLANTS, v. REGINA MCKIM–GRAY, DEFENDANT, AND ISSADORE & MILLER, MURRAY ISSADORE, AND MICHAEL MILLER, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted June 11, 2002—Decided July 9, 2002.

Before Judges PRESSLER, PETRELLA and KESTIN.

*Ragland & Martin,* attorneys for appellants (*David A. Martin,* of counsel and on the brief).

*Issadore & Miller,* pro se attorneys for respondents (*Murray S. Issadore,* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Plaintiffs, Dr. Gerald Cronin, South Jersey Injury Center, Allied Health Rehab Associates, and Rehab Cab, appeal from the dismissal of their complaint pursuant to *R.* 4:6–2(e) against defendants, attorneys Issadore & Miller, Murray Issadore and Michael Miller. Plaintiffs claimed that the attorneys should have honored an assignment and paid outstanding medical bills owed them out of the proceeds of a personal injury case settlement the attorneys made on behalf of their client, plaintiffs' patient.[1] Plaintiffs argue that the Law Division Judge erred in finding that they failed to state a cause of action and in holding that they failed to allege sufficient facts to support a cause of action against the defendants.

Plaintiffs allege that they provided medical services to Regina McKim–Gray after she was involved in an automobile accident. They assert that in exchange for their medical services McKim–Gray agreed in writing to compensate the defendants. The writ-

---

[1] Apparently, defendant Regina McKim–Gray, the plaintiff in the underlying personal injury negligence case, could not be found or served and plaintiffs' complaint against her was eventually dismissed.

ten agreement contained an assignment and specifically provided that plaintiffs would be compensated out of monies received by McKim–Gray's attorneys as a result of the settlement of any litigation and that in the event of a dispute as to the amount of the unpaid bills the funds would be placed in escrow by her attorneys until the dispute was settled.

Defendants represented McKim–Gray in her personal injury claim and recovered a settlement. Plaintiffs alleged that Professional Management Specialists assisted them in the debt collection servicing and that Harvey Kazatsky of that entity was responsible for handling the books and records in the debt collection phase. Plaintiffs asserted that Kazatsky had a working relationship with the defendant attorneys and that Kazatsky personally hand delivered to defendants copies of McKim–Gray's medical records, medical bills and executed patient retainer agreement which specifically directed the defendant attorneys to pay plaintiffs out of any monies received by the attorneys on behalf of McKim–Gray in her negligence case. Plaintiffs allege that despite giving notice to these attorneys, they failed to pay the plaintiffs or hold any funds in escrow pending resolution of any unresolved dispute.[2]

The Law Division Judge agreed with defendants and concluded that the defendants, as attorneys for McKim–Gray, had no contractual obligation or otherwise to disburse funds from the settlement to pay the medical bills of the plaintiffs. Defendants had asserted that they received no consideration for any agreement between them and the plaintiffs; no letter of protection was ever signed by them or sent by them to the plaintiffs; and there was no legal basis for such payment. They attempt to distinguish *Berkowitz v. Haigood*, 256 *N.J.Super.* 342, 346–347, 606 *A.*2d 1157 (Law Div.1992), on the basis that the document signed by the patient in that case specifically stated, "I hereby authorize and

---

[2] The record does not indicate whether the attorneys actually knew, either at the time of the settlement or the institution of plaintiffs' lawsuit, the address of McKim–Gray, or if she has been fully paid her share of the proceeds of the settlement.

direct you, my attorney, to pay directly to said doctor such sums as may be due and owing him for medical service rendered me...." *Id.* at 345, 606 *A.*2d 1157. In contrast, defendants contend that the agreement in the present case "merely states that the patient agrees to 'hereby irrevocably' direct his attorney to pay the full amount owing for services rendered." Thus, they appear to argue that this was an executory undertaking that was not completed.

We reject defendants' argument and their attempt to distinguish the *Berkowitz* case. We note initially that the agreement in this case provides in pertinent part:

2. PATIENT hereby irrevocably directs his attorney, if any, to pay the full amount owing for services rendered by PHYSICIAN, or any balance thereof immediately upon receipt of an invoice from PHYSICIAN from monies received by PATIENT'S attorney(s) as a result of any compromise, settlement, arbitration, mediation, litigation or any other collection activities by PATIENT or PATIENT'S attorney(s). In any event, PATIENT understands that any unpaid PHYSICIAN bills in dispute will not be a part of the distribution process, but rather placed into the PATIENT'S attorney's escrow account until such time as the issue under dispute is settled.

3. This agreement shall constitute an irrevocable assignment and lien on any monies collected or received as a result of the condition for which PHYSICIAN treats PATIENT.

We construe this language as a sufficient assignment by the patient (here, McKim–Gray) of her right to receive certain of the settlement proceeds to the plaintiffs in satisfaction of their bill for medical services.[3] The language of this agreement assigns the patient's right to receive the settlement proceeds to the physicians to be applied first to payment of her bill. We find the reasoning in *Berkowitz v. Haigood, supra* (256 *N.J.Super.* 342, 606 *A.*2d 1157), to be persuasive. In *Berkowitz,* a chiropractor had sued a former patient and the patient's attorney for payment of medical bills. The Law Division in that case concluded that the attorney was liable under the circumstances where the proceeds from the personal injury claim were assignable; there was clear evidence of a valid assignment; and the attorney had been properly notified of

---

[3] We are not presented with and do not pass upon any ethical considerations with respect to the propriety of such an assignment.

the assignment. The attorney was thus charged with the duty to pay the assignee the amount of the undisputed medical bills, and not pay such amount to their client, the assignor.

Here, giving the benefit of the reasonable inferences to plaintiffs, as required on a motion to dismiss, those conditions had been met. There was a facially valid assignment and notice is alleged to have been given to the attorneys of this assignment. If the attorneys received notice, they cannot then close their eyes to the language of the assignment and decline to pay the medical bills out of the settlement proceeds, unless there was a bona fide dispute as to the amount of those bills that would require holding the funds in escrow until the dispute was resolved.

In light of our decision, we do not need to comment further on whether the allegations of the complaint are sufficient to state a cause of action or the necessity for amendment of the pleadings. We are satisfied that the pleadings gave sufficient notice of the claim to the defendants.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.